# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Gary C. Richardson | * | |
| 2405 Montebello Terrace | * | |
| Baltimore, Maryland 21214 | * | |
| | * | |
|     Plaintiff Pro Se, | * | |
| | * | |
| vs. | * | Civil Action No.: WMN-06-1701 |
| | * | |
| Mann Bracken, LLC | * | |
| One Paces West, Suite 1400 | * | |
| 2727 Paces Ferry Road | * | |
| Atlanta, Georgia 30339 | * | |
| | * | |
|     Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Complaint

The plaintiff, Gary C. Richardson, ("Richardson"), for his cause of action against the defendant, Mann Bracken, LLC, ("Mann Bracken"), alleges and states as follows:

1. This claim arises under 15 U.S.C. § 1692 et seq. of the Fair Debt Collection Practices Act, ("The Act"), therefore, this court has subject matter jurisdiction under 15 U.S.C. § 1692k(d).

2. Richardson is a consumer residing in the state of Maryland. Mann Bracken is a law firm incorporated in the state of Georgia. Richardson received a collection letter from Mann Bracken in the state of Maryland causing this claim to arise in the state of Maryland. Venue would therefore be proper in the district of Maryland pursuant to 28 U.S.C. § 1391(b)(2).

3. Richardson is suing Mann Bracken for violations of The Act committed against Richardson by Mann Bracken.

4. Mann Bracken sent Richardson a collection notice on July 1, 2005 stating that they were collecting a debt on behalf of MBNA America Bank, N.A. Mann Bracken stated in the letter that "We will assume the debt is valid unless you dispute the validity of the debt or any portion of the debt within thirty days after receipt of the notice. Verification of the debt or a copy of a judgment against you will be mailed to you if you notify us in writing within thirty days of receipt of this letter that the debt or any portion of the debt is disputed."

5. Richardson sent Mann Bracken a certified letter on July 15, 2005 disputing the allege debt and requesting validation. Richardson also stated that he was not to be contacted by phone and all communication with him must be in writing.

6. According to postal records this dispute and request for validation was received by Mann Bracken on July 18, 2005.

7. Mann Bracken contacted Richardson by phone leaving ten (10) messages on Richardson's answering machine between July 21, 2005 and August 19, 2005. A violation of The Act § 1692d(5). Richardson shall provide this court audio recordings of these messages.

8. Richardson then received a notice from Federal Express on August 5, 2005 that an arbitration claim was filed against him by Mann Bracken with the National Arbitration Forum ("NAF"). During this time period Richardson never received a validation from Mann Bracken as required by federal law. A violation of The Act § 1692g(b).

9. Richardson then sent a letter to both Mann Bracken and the NAF that he never received a validation as requested and that Mann Bracken was in violation of federal law for filing an arbitration claim against him.

10. Mann Bracken then requested an indefinite stay of the arbitration claim which was granted by the NAF on August 23, 2005 but would not dismiss the claim.

11. Richardson filed an objection to the Stay on January 12, 2006. The NAF granted Richardson's request and lifted the Stay.

12. Mann Bracken then requested another indefinite stay on January 13, 2006.

13. Mann Bracken then sent Richardson a verification of the allege debt in February 2006, more

than six months later from Richardson's initial request for validation and after filing an arbitration claim against him. A violation of The Act § 1692f.

14. The Arbitrator then issued an indefinite stay of the claim on June 9, 2006.

Wherefore, Richardson requests judgment against Mann Bracken granting the following relief:

(a) an award for statutory damages of $1000;

(b) $1000 for each phone call made by Mann Bracken to Richardson for a subtotal of $10,000;

(c) $5000 for mental distress and harassment;

(d) $5000 punitive damages for unfair and deceptive collection practices. The reason Congress enacted the Fair Debt Collection Practices Act was to prevent such abuses in the collection industry. Mann Bracken is a law firm and should have known better to engage in such gross abuses; and

(e) such other relief as the court deems appropriate.

Respectfully submitted by,

_____          June 30, 2006
Gary C. Richardson                  Date
2405 Montebello Terrace
Baltimore, Maryland 21214
Telephone No. (410) 319-6525

3